IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOHN J. PRIESTLEY, JR., )
)
      Petitioner, )
)
v. ) Case No. CIV-16-1471-D
)
HONORABLE JEFF VIRGIN, )
)
      Respondent. )

## ORDER

This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. Because Petitioner appears pro se, the Court construes his filings liberally. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). The Court, however, cannot take on the responsibility of serving as Petitioner's attorney in constructing arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, the Court will not supply additional factual allegations to round out Petitioner's claim or construct a legal theory on his behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court has reviewed the Petition and finds it should be dismissed for lack of subject matter jurisdiction based on Petitioner's failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a). The present case stems from a civil matter in the District Court of Cleveland County, Oklahoma, in which Petitioner is

the defendant and Respondent is the presiding judge. The Court has taken judicial notice of the underlying state proceedings (available on http://www.oscn.net)[1] and notes that on September 26, 2016, Petitioner was found to be in civil indirect contempt of court for the alleged harassment of the plaintiff. Petitioner was sentenced to a term of six (6) months in jail, all suspended, provided Petitioner, *inter alia*, abided by all future orders of the district court as a condition of probation. On December 29, 2016, however, the district court found Petitioner had violated the terms of his sentence and Petitioner's probation was revoked. Sentencing is set for March 6, 2017.

Title 28 U.S.C. § 2254 provides that a district court shall entertain an application for a writ of habeas corpus only on the ground that the petitioner is *in custody* in violation of federal law. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Thus, as a prerequisite to the Court's assumption of jurisdiction over any habeas corpus claim, it is necessary that the petitioner be "in custody" under the judgment he attacks. *See id*. Here, although Petitioner has had his probation revoked, he has yet to be sentenced and incarcerated, and therefore, he is not "in custody" for purposes of § 2254. Indeed, in the "Place of Confinement" space on his Petition, Petitioner states "*Possibly* Cleveland County

---

[1] *See United States v. Pursley*, 577 F.3d 1204, 1214 n. 6 (10th Cir. 2009) (noting a court has the discretion "to take judicial notice of publicly-filed records ... concerning matters that bear directly upon the disposition of the case at hand[.]") (citation omitted).

After 12/29/2016." Pet. at 1 (emphasis added). Petitioner's potential incarceration is insufficient to confer subject matter jurisdiction on this Court, and thus, the Court finds the Petition should be dismissed on this basis.

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED** for lack of subject matter jurisdiction, as set forth herein.

**IT IS SO ORDERED** this 3rd day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE